UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:18-CR-00315 (KAD) |
| v. | |
| ALBERTO GONZALEZ | April 22, 2020 |

MEMORANDUM OF DECISION RE: DEFENDANT'S
EMERGENCY MOTION FOR COMPASSIONATE RELEASE (ECF NO. 110)

Kari A. Dooley, United States District Judge:

Defendant Alberto Gonzalez ("Gonzalez") moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for an order of compassionate release from confinement in light of various health conditions that he asserts render him at higher risk for death or serious injury should he contract COVID-19. The Government opposes Gonzalez's motion on the procedural grounds that he has failed to exhaust his administrative remedies with the Bureau of Prisons ("BOP") as required by the statute, and further opposes Gonzalez's motion on the basis that he does not satisfy the statutory criteria for compassionate release. The Court held oral argument on the motion on April 20, 2020. For the reasons that follow, the motion is DENIED without prejudice.

**Background**

On August 27, 2019, this Court sentenced Gonzalez to concurrent sentences of 27 months of imprisonment to be followed by three years of supervised release following his guilty plea to possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm by a felon in violation of 18 U.S.C. §§

1

922(g)(1) and 924(a)(2).  (Judgment, ECF No. 91.)  The United States Sentencing Guidelines provided an advisory range of 70 to 87 months of imprisonment for Gonzalez's offense conduct but the Court issued a downward departure based upon, *inter alia*, Gonzalez's significant and multiple medical conditions which required ongoing care.  Gonzalez asserts that his health condition since sentencing remains effectively the same: "[h]e is diabetic and is fed through a tube, has a tube in []his neck to assist his breathing, and continues to receive dialysis treatments."  (Def.'s Mem. "Case History" ¶ 8, ECF No. 110-1.)  He represents that a friend in Hartford is willing to provide him with a home and assist with his medical needs, should he be granted immediate release from incarceration.  (*Id*. ¶ 9.)

Gonzalez is currently serving his sentence at FMC Devens and identifies June 9, 2020 as his projected release date.  (*Id*. ¶ 4.)  He asserts that he filed this motion without first seeking relief through the BOP because a case manager informed him that the Warden was not acting upon requests for compassionate release.  He further asserts that the case manager advised him to ask his attorney to instead seek redress through the Court.  (*Id*. ¶ 5.)  Following oral argument Gonzalez has confirmed that a request for compassionate release has been made to the Warden at FMC Devens, although there is some confusion as to the date upon which it was submitted.  (*See* Def.'s Notice, ECF No. 118.)

**Discussion**

"It is well established that [a] court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (quotation marks and citation omitted).  Gonzalez requests that this Court grant his request for compassionate relief and amend his judgment to a prison term of time served pursuant to 18 U.S.C. § 3582, which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . .
>
> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)      extraordinary and compelling reasons warrant such a reduction . . . .

*Id*. § 3582(c)(1)(A)(i).   "Accordingly, in order to be entitled to relief under the statute, [the defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of his sentence." *United States v. Smith*, No. 3:16-CR-48 (MPS), 2020 WL 1903160, at *2 (D. Conn. Apr. 17, 2020) (quoting *United States v. McCarthy*, No. 3:17-CR-230 (JCH), 2020 WL 1698732, at *3 (D. Conn. Apr. 8, 2020)).[1]

As the statute indicates, for the Court to entertain a motion by the defendant, Gonzalez must either have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," or 30 days must have passed "from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   Gonzalez has not exhausted his rights to appeal the BOP's failure to bring a motion on his behalf and so the first provision is inapplicable.   Nor have 30 days passed from the receipt of his request by the Warden of FMC Devens.[2]

---

[1] "Previously it was only the BOP that could file a motion for sentence reduction, but Congress amended the law with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), in order to afford a defendant as well as the BOP the right to file a motion for sentence reduction." *United States v. Vence-Small*, No. 3:18-CR-00031 (JAM), 2020 WL 1921590, at *3 (D. Conn. Apr. 20, 2020).

[2] Gonzalez's argument that the case manager's purported statements to him during the week of April 6 amount to the Warden's denial of a request properly submitted is rejected.   Instead the Court credits Gonzalez's representation that

Gonzalez nonetheless argues that the Court can "waive" the 30-day waiting period under the exigent circumstances created by the COVID-19 pandemic.  On this issue the district courts are decidedly split and the Second Circuit Court of Appeals has not yet resolved the issue.[3]  Several recent decisions issued within the Circuit, relying principally on *Washington v. Barr*, 925 F.3d 109, 118–19 (2d Cir. 2019), have held that courts can waive the statute's administrative exhaustion requirement upon a finding that requiring exhaustion would be futile, that the administrative process is incapable of affording adequate relief, and/or that requiring exhaustion would cause the defendant to suffer undue prejudice.  *See, e.g.*, *United States v. Gileno*, 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *4–*5 (D. Conn. Apr. 20, 2020); *United States v. Sawicz*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020); *McCarthy*, 2020 WL 1698732, at *3–*4; *United States v. Zukerman*, No. 16-CR-194 (AT), 2020 WL 1659880, at *3–*4 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19-CR-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020); *United States v. Perez*, No. 17-CR-513-3 (AT), 2020 WL 1546422, at *2–*3 (S.D.N.Y. Apr. 1, 2020).

*Washington v. Barr*, however, addressed judicial waiver of judicially-imposed exhaustion requirements under the Controlled Substances Act.  It did not conclude that courts can waive exhaustion requirements that are explicitly mandated by statute; to the contrary, it operates from the recognition that "[e]ven where exhaustion is *seemingly* mandated by statute or decisional law, the requirement is not absolute."  925 F.3d at 118 (emphasis added).  As one court in this Circuit recently explained, "the Second Circuit's reference to exhaustion requirements

---

he submitted the form requesting compassionate release on April 16, 2020, thus starting the 30-day clock. (Def.'s Ex. A, ECF No. 118-1).

[3] The Court is aware that this issue has been raised in an appeal before the Second Circuit that is currently in briefing. *See United States v. Gagne*, 2d Cir. No. 20-1169 (filed April 8, 2020).  In the interest of affording Gonzalez's motion a speedy resolution per his counsel's request, the Court does not defer ruling pending the outcome of that appeal.

'*seemingly* mandated by statute,' is best understood to regard judge-made requirements that 'seem' consistent with statutory purpose and congressional intent, though not located in the statutory text." *United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *4 (S.D.N.Y. Apr. 14, 2020) (internal citation omitted). "In other words, the statement speaks only to exhaustion requirements implied by a statute's structure and purpose, not to requirements that are expressly provided for in the statute itself." *Id*.; *see also United States v. Wright*, No. 17-CR-695 (CM), 2020 WL 1922371, at *2 (S.D.N.Y. Apr. 20, 2020) (concluding that *Washington v. Barr* "provides no support for the notion that exhaustion mandated 'by statute' is not absolute"). Indeed, in its prefatory discussion explaining the doctrine of administrative exhaustion, the Second Circuit affirmed that "[w]here Congress specifically mandates [it], exhaustion is required." *Washington*, 925 F.3d at 116 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). Nothing in the court's subsequent discussion alters this controlling premise.

Here, the Court concludes that the statute's requirements are unambiguous and mandatory—"[t]he court *may not* modify a term of imprisonment once it has been imposed except" where one of the statutory conditions is met. 18 U.S.C. § 3582(c) (emphasis added). Gonzalez must accordingly satisfy the statutory requirements before seeking relief in this Court. In reaching this determination the Court finds especially persuasive the opinion of Judge Furman in *United States v. Roberts*, in which he concluded that "the Court must abide by Congress's choice, given Section 3582(c)'s clear command that the Court 'may not' grant compassionate release except under the conditions Congress prescribed." 2020 WL 1700032, at *2 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016), where the Supreme Court reaffirmed that "mandatory exhaustion statutes like the [Prison Litigation Reform Act] establish mandatory exhaustion regimes, foreclosing judicial discretion."). Several other courts within this Circuit have reached the same

conclusion. *See, e.g.*, *Wright*, 2020 WL 1922371, at *3 (agreeing with Judge Furman's finding "that compliance with a statutorily imposed exhaustion requirement could not be waived by a court in the absence of the government's consent"); *Smith*, 2020 WL 1903160, at *3 ("[F]or substantially the reasons set forth in *United States v. Roberts*, I view the exhaustion requirement in § 3582(c) as mandatory and not subject to exceptions for futility or other judge-made exceptions"); *United States v. Demaria*, No. 17-CR-569 (ER), 2020 WL 1888910, at *4 (S.D.N.Y. Apr. 16, 2020) ("[T]his Court joins the many other courts to have considered Section 3582(c)(1)(A)'s exhaustion requirement and found it to be mandatory"); *United States v. Schultz*, No. 17-CR-193S, 2020 WL 1872352, at *4 (W.D.N.Y. Apr. 15, 2020) ("[B]ecause Congress did not write any exceptions into § 3582 (c)(1)(A)'s exhaustion provisions (other than the 30-day lapse provision), those provisions must be strictly enforced and are not subject to judge-made exceptions"); *Ogarro*, 2020 WL 1876300, at *3 (concluding that "section 3582(c)'s exhaustion proscription is clear as day" and "[b]ecause the statutory language is unambiguous and mandatory, it must be 'strictly enforce[d].'") (quoting *Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir. 2004)); *United States v. Pereyra-Polanco*, No. 19-CR-10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020) (holding that the court could not waive the defendant's "compliance with Section 3582(c)(1)(A)'s exhaustion requirement substantially for the reasons set forth in Judge Furman's decision in [*Roberts*]"); *United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020) (agreeing with those courts that "have concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic" and citing cases) (quotation marks and citation omitted); *United States v. Fana*, No. 1:19-CR-00011 (GHW), 2020

WL 1816193, at *5 (S.D.N.Y. Apr. 10, 2020) ("Congress' intent is best discerned from the text of the statute that it passed, and this statute prohibits the Court from acting except upon satisfaction of the conditions laid out in it."); *United States v. Woodson*, No. 18-CR-845 (PKC), 2020 WL 1673253, at *3 (S.D.N.Y. Apr. 6, 2020) (explaining that "[l]awmakers who created the statutory right of a convicted defendant to bring an application to reduce his sentence placed a limitation on his right to do so" and confining *Washington v. Barr* to its judge-made exhaustion context); *see also United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (observing that the defendant's failure to exhaust under the statute "presents a glaring roadblock foreclosing compassionate release at this point.").

The Court recognizes that not all courts that have held that the exhaustion requirement may be waived by the court have done so in reliance upon *Washington v. Barr. See United States v. Russo*, No. 16-CR-441 (LJL), 2020 WL 1862294, at *6–*7 (S.D.N.Y. Apr. 14, 2020) (finding that Section 3582(c)(1)(A) constitutes a claim-processing rule subject to equitable exceptions when not inconsistent with congressional intent, and concluding that "[i]t would be ironic, and certainly inconsistent with congressional intent, for the thirty days to serve as a substantial obstacle to effective judicial relief" given Congress's interest, in enacting the First Step Act, in providing a more meaningful pathway to judicial review for defendants seeking compassionate release); *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *5, *8 (S.D.N.Y. Apr. 20, 2020) (noting that "[t]his Court is persuaded by Judge Liman's well-reasoned decision" in *Russo* and concluding that "the First Step Act's text, history, and structure all counsel in favor of concluding that the statute's exhaustion requirement is amenable to equitable exceptions"). The Court has considered this alternative path to judicial waiver but largely for the reasons persuasively

articulated by Judge Meyer in *Vence-Small*, 2020 WL 1921590, at \*5–\*6, disagrees with their outcome.

Accordingly, because 30 days have not elapsed since Gonzalez requested the Warden at FMC Devens to seek compassionate release on his behalf, Gonzalez's motion is premature and is denied without prejudice.  In denying Gonzalez's motion without prejudice the Court expresses no view on the merits of Gonzalez's request for compassionate release, which the Court will address if Gonzalez refiles his motion upon a showing that he has satisfied the statutory requirements, or if the BOP decides in the interim to file a motion on his behalf.  If the BOP files such a motion, the Court shall give the motion expedited consideration.  If Gonzalez files a motion for sentence reduction, the Court will promptly convene a hearing on the motion.  Gonzalez, in advance of any such hearing, should communicate the details of Gonzalez's proposed housing arrangement to the United States Probation Office and the Government so that the Court can give meaningful consideration to the terms under which Gonzalez might be released.

**Conclusion**

For the foregoing reasons, Gonzalez's motion for compassionate release is denied without prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of April 2020.

> */s/ Kari A. Dooley*
> KARI A. DOOLEY
> UNITED STATES DISTRICT JUDGE